UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| NATHAN A. COVER, | ) | CASE NO. 3:06 CV 1464 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| ROB JEFFREYS, | ) | <u>AND ORDER</u> |
| | ) | |
| Respondent. | ) | |

On June 13, 2006, petitioner <u>pro se</u> Nathan A. Cover filed the above-captioned petition for writ of habeas corpus under 28 U.S.C. § 2254. Cover is confined in an Ohio penal institution, having been convicted in February 2005, pursuant to a no contest plea, of aggravated burglary and robbery. For the reasons stated below, the petition is denied and this action dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state court remedies. 28 U.S.C. § 2254(b); <u>Hannah v. Conley</u>, 49 F.3d 1193, 1196 (6th Cir. 1995) (<u>per curiam</u>); <u>Clemmons v. Sowders</u>, 34 F.3d 352, 354 (6th Cir. 1994). The Court of Appeals for the Sixth Circuit has determined that "[t]he exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair

opportunity to rule on the petitioner's claims." Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted).

The petition indicates that Cover sought to bring a delayed direct appeal to the Ohio Court of Appeals, which was denied on February 13, 2006 on the ground that his incarceration was not a sufficient reason for filing his notice nine months late. Thus, petitioner was procedurally barred from raising his claims in the state court.

If a procedural bar in the state court exists, this court will not consider the claims unless petitioner establishes adequate cause to excuse his failure to properly raise the claims and actual prejudice to case. Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir. 1991)(citing Murray v Carrier, 477 U.S. 478, 488 (1986); see, Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1990). No such showing is reasonably suggested by the petition.

Accordingly, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed. R.App.P. 22(b); 28 U.S.C. § 2253.

IT IS SO ORDERED.

/s/SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE